**IT IS ORDERED**

**Date Entered on Docket: May 10, 2022**



_____
**The Honorable David T. Thuma
United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

IN RE:

STEVEN EARL PLOETZ
DENA LYNN PLOETZ

     Debtors.                       Case No. 13-18-10130-TA

### STIPULATED ORDER MODIFYING THE AUTOMATIC STAY AND PROVIDING FOR THE ABANDONMENT OF PROPERTY

     This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Stearns Lending, LLC, filed on February 23, 2022, (DOC 85) (the "Motion") by Stearns Lending, LLC ("Stearns Lending"), and the Debtors' Objection To Motion doe Relief (the "Objection") filed on March 23, 2022 (DOC 87). The Court, having reviewed the record, the Motion, the Objection and being otherwise sufficiently informed, FINDS:

a. On February 23, 2022, Stearns Lending served the Motion and a Notice of the Motion (the "Notice") on Arun A Melwani, Attorney for Debtors and Tiffany M. Cornejo, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtors Steven Earl Ploetz and Dena Lynn Ploetz, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

b. The Motion relates to the property located at 8728 NW Westridge Place Albuquerque, New Mexico 87114, more fully described as:

> Lot numbered Thirteen-P1 (13-P1) in Block numbered Eleven (11) of RICHLAND HILLS UNIT 3, as the same is shown and designated on the corrected palt of said subdivision filed in the office of the County Clerk of Bernalillo County, New Mexico on June 15, 1995 in Map Book 95C, folio 212

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

c. The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

d. The Notice was sufficient in form and content;

e. The objection deadline expired on March 21, 2022;

f. On March 21, 2022 the Debtors filed an Objection to the Motion;

g. As of April 5, 2022, no other party in interest has filed an objection to the Motion;

h. The Court being advised of both the Debtors' and the Trustee's consent to the relief requested herein and their approval as to the form of this Order; and the Court having

considered CitiFinancial's Motion, now enter this Order modifying the automatic stay and providing for the abandonment of property in the event of default.

The parties stipulate and agree to the following terms:

1. The Debtors has cured the post-petition payment amounts due on Stearns Lending's Note (the "Note") and Deed of Trust as of April 5, 2022.

2. The Debtors shall continue to make their regular monthly mortgage payments in the current amount of $1,994.04 as they come due (unless otherwise notified by Stearns Lending), commencing with the May 1, 2022 payment and continuing thereafter.

3. In the event the Debtors fail to tender a payment as due and required by this Order, the movant may file a Notice of Default with the Court, which will be mailed to the Debtors and sent by electronic notification to Debtors' counsel. The Debtors will have ten (10) days from the filing of a Notice of Default to cure the default. There will be $100.00 in attorney's fees associated with the filing of any such Notice. **The Debtors will only receive two (2) such Notices**. If the Debtors fail to cure the default, including the payment of the above described attorney's fees, within ten (10) days from the filing of a Notice of Default, then upon the movant's filing of an Affidavit of Default, the automatic stay effectuated by Debtors' bankruptcy filing will be lifted as ordered herein, so that Stearns Lending may avail itself to the rights and remedies afforded under its Note and Mortgage, including but not limited to the right to foreclose against the property if available under State Law.

4. **In the event that the Debtors default a third time, the movant may immediately proceed with the filing of its Affidavit of Default, thereby terminating the automatic stay and abandoning the subject property as ordered herein, so that Stearns Lending may avail itself to the rights and remedies afforded under its Note and Mortgage,**

**including but not limited to the right to foreclose against the property if available under State Law**.

5. In the event the Debtors default and upon proper notice of the default to the Trustee, the Trustee shall immediately cease making payments to Stearns Lending pursuant to the Debtors' Chapter 13 Plan, and future payments, if any, will only be made by the Trustee pursuant to an Amended Proof of Claim filed by Stearns Lending for any unsecured deficiency balance.

IT IS, THEREFORE, THE ORDER OF THIS COURT:

That in accordance with the above agreed upon terms, upon the movant's filing of an Affidavit of Default and pursuant to Section 362(d) of Title 11 of the United States Code (the "Bankruptcy Code"), the automatic stay of Section 362(a) of the Bankruptcy Code is hereby lifted as to the real property identified in Stearns Lending's Note and Mortgage. Said property is located at 8728 NW Westridge Place, Albuquerque, New Mexico 87114 (the "Property"), more fully and completely described as:

> Lot numbered Thirteen-P1 (13-P1) in Block numbered Eleven (11) of RICHLAND HILLS UNIT 3, as the same is shown and designated on the corrected palt of said subdivision filed in the office of the County Clerk of Bernalillo County, New Mexico on June 15, 1995 in Map Book 95C, folio 212

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes. If there is a conflict between the legal description and the street address, the legal description shall control.

That upon default by the Debtors and proper notice of the default to the Trustee, the Property is hereby abandoned pursuant to Section 554 of the Bankruptcy Code, and Stearns Lending may avail itself to the rights and remedies afforded under the Note and Mortgage,

7954-293-SFFB 7791140_2.doc map

4

Case 18-10130-t13   Doc 90   Filed 05/10/22   Entered 05/10/22 14:39:43 Page 4 of 6

including but not limited to the right to foreclose against the Property if available under State Law.

That upon default by the Debtors and proper notice of the default to the Trustee, the Trustee shall cease making payments to Stearns Lending pursuant to Debtors' Chapter 13 Plan, and any future payment and/or deficiency owed by the Debtors to Stearns Lending after sale of the Property shall be set forth in an Amended Proof of Claim filed by Stearns Lending and shall be subject to the Bankruptcy Code should this bankruptcy continue. If the Note and the obligation therein are fully satisfied and there remain any money-proceeds from the sale of the Property, then such monies will be paid to the Trustee for the benefit of the estate.

That upon the Debtors' default, the filing of the movant's Affidavit of Default, and the termination of the automatic stay and the abandonment of the subject property as provided herein, Fed. R. Bankr. P. 4001(a)(3) is not applicable and/or is waived and Stearns Lending may immediately enforce and implement relief from the automatic stay and foreclose on the subject property if available under State Law.

This Stipulated Order (the applicable payment and default terms herein) shall remain effective, upon conversion to another chapter bankruptcy.

XXX END OF ORDER XXX

SUBMITTED BY:

ROSE L. BRAND & ASSOCIATES, P.C.

By  */s/Elizabeth Dranttel e-signed*
    Elizabeth Dranttel
    Attorneys for Stearns Lending
    7430 Washington Street, NE
    Albuquerque, NM 87109
    Telephone: (505) 833-3036
    Facsimile: (505) 833-3040
    E-mail: elizabeth.dranttel@roselbrand.com

APPROVED BY:

MELWANI LAW P.C./UPRIGHT LAW L.L.C.

By *concurrence receive via e-mail 5.5.22*
    Arun A Melwani
    Attorney for Debtors
    10749 Prospect Ave NE Ste F
    Albuquerque, NM 87112-3281
    Telephone: 505-323-5800
    arun@melwanilaw.com


By *concurrence receive via e-mail 5.6.22*
    Tiffany M. Cornejo, Trustee
    625 Silver Avenue SW Suite 350
    Albuquerque, NM 87102-3111
    Telephone: (505) 243-1335
    orders@ch13nm.com


COPY TO:

Steven Earl Ploetz and
Dena Lynn Ploetz, Debtors
8728 Westridge Place
Albuquerque, NM 87114